UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LUCIO LOPEZ, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No. |
| ) | |
| TRAMEC, LLC, ) | |
| ) | |
| Defendant ) | |
| ) | |
| _____) | |

**COMPLAINT**

Plaintiff complains against Defendant as follows:

**I.      THE PARTIES**

1. Plaintiff is a citizen of the United States and resident of Kansas.

2. Defendant TRAMEC, LLC (hereafter sometimes referred to as "Tramec") is, and was at all times relevant herein, a business duly registered to do business within the State of Kansas and was an employer of Plaintiff at all times relevant herein.

**II.     JURISDICTION AND VENUE**

3. The jurisdiction of the federal court is invoked because the claims of the Plaintiff arise under the statutes and laws of the United States, namely the Family and Medical Leave Act ("FMLA").

4. Venue in the United States District Court for the District of Kansas is proper

because Kansas is where the claims arose, and where Tramec operates its business.

### III.     FACTUAL ALLEGATIONS.

5. Plaintiff began employment with Tramec in November 2019 as a Material Handler.

6. On July 4, 2021, Plaintiff seriously injured his leg when he tried to protect others from injury after a fireworks accident.

7. The next day, Plaintiff went to the emergency room for treatment.

8. Plaintiff was instructed by medical personnel he should not put weight on his leg for several days.

9. Plaintiff used his last two vacation days to cover his Tramec shifts on July 6 and 7, and a personal day to cover July 8.

10. Plaintiff returned to work on his next scheduled day, July 12.

11. Plaintiff talked to his supervisor (Mark) and informed him he was having trouble walking with his injured leg.

12. Mark allowed Plaintiff to work on a machine where he sat down the entire time.

13. Plaintiff worked at the same sit-down machine on July 13, 14, and 15.

14. On July 15, Plaintiff informed Mark he had a doctor's appointment on the following day for his leg so he would be late to his shift.

15. At his July 16 doctor's appointment, Plaintiff's doctor told him he should not be walking without crutches.

16. Plaintiff shared with his doctor that the crutches would jeopardize his job as he knew the company would not allow him to work if he was using crutches.

17. It was at this time that the doctor informed Plaintiff he may need to use FMLA to be away from work for his leg but still protect his job.

18. Plaintiff reported for his next scheduled shift (July 19) without the use of crutches.

19. Plaintiff informed a co-worker (Justin) of the doctor's recommendation of crutches and the possible need to utilize FMLA.

20. Plaintiff had a discussion with Tricia from Human Resources on July 23 regarding his possible need for FMLA.

21. On July 23, Tricia told Plaintiff she would provide him FMLA paperwork on the following Monday, July 26.

22. On July 26, Tricia provided Plaintiff with paperwork needed to initiate FMLA.

23. Plaintiff provided the FMLA paperwork to his doctor

24. On July 29, Plaintiff informed Tricia he needed to pick up the completed FMLA paperwork from his doctor.

25. As the trip to and from Plaintiff's doctor would take 3 hours, Plaintiff asked Tricia for time off on July 29 (at the beginning of his afternoon shift) to retrieve the paperwork from his doctor, and then he would make up the time off on the coming Saturday, July 31.

26. Tricia told Plaintiff his suggested schedule modification was fine.

3

27. Plaintiff retrieved the completed FMLA paperwork from his doctor and then returned to work, planning on submitting the paperwork and clocking in for his shift.

28. Upon his arrival to work, Plaintiff was informed by Mark and Justin he was terminated "because of points".

29. Mark and Justin made it clear the termination decision was made by others while Plaintiff was away from work getting his FMLA paperwork.

30. Mark and Justin let Plaintiff know they disagreed with the decision to terminate Plaintiff's employment.

31. When Plaintiff learned of his termination, management staff (other than Mark) and Human Resources had already left for the day.

32. During his employment, Human Resources acknowledged Plaintiff's FMLA rights and indicated -- at least in part – the needed leave would be designated by Tramec as approved FMLA leave.

33. The leave and accommodation requests by Plaintiff and his doctor, noted herein above, were made in good faith by Plaintiff and pursuant to his rights under FMLA.

34. The FMLA prohibits an employer from interfering with FMLA leave that an employee is entitled to.

35. The FMLA also prohibits an employer from retaliating against an employee for exercising their rights pursuant to the FMLA.

36. Tramec's termination of Plaintiff's employment on the very day Tramec knew he was retrieving his FMLA paperwork from his doctor constitutes interference with and retaliation for his FMLA leave and rights.

## IV. **PLAINTIFF'S CAUSE OF ACTION FOR INTERFERENCE, DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FMLA.**

37. Plaintiff realleges and incorporates the foregoing numbered paragraphs.

38. The FMLA makes it unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right pursuant to the FMLA.

39. Tramec interfered, restrained, and denied Plaintiff's exercise, and attempted exercise of rights pursuant to the FMLA.

40. Tramec retaliated against Plaintiff for his exercise, and attempted exercise, of FMLA rights by terminating his employment.

41. Tramec has engaged in a pattern and practice of interfering, restraining, and denying employees' exercise of FMLA rights, and have engaged in a pattern and practice of retaliating against employees who exercised, or attempted to exercise, FMLA rights.

42. Plaintiff is entitled to all damages authorized by 29 U.S.C. § 2617, including lost wages and benefits, interest, liquidated damages, attorneys' fees, and equitable relief.

## V. **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for the foregoing causes of action.

## VI. **DESIGNATION OF PLACE OF TRIAL**

Plaintiff hereby requests that the trial be held at Kansas City, Kansas.

Respectfully submitted:

**REAVEY LAW LLW**

By:   /s/ Patrick G. Reavey            .
      Patrick G. Reavey, KS# 17291
      Livestock Exchange Building 1600
      Genessee, Suite 303 Kansas City,
      MO 64102
      Ph: 816.474.6300
      Fax: 816.474.6302
      Email: preavey@reaveylaw.com
      Website: www.reaveylaw.com
      **ATTORNEY FOR PLAINTIFF**